

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>       v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                Defendants. | Case: 1:20−mc−00127<br>Assigned To : Unassigned<br>Assign. Date : 12/16/2020<br>Description: Misc.<br><br>Chief Judge Beryl A. Howell |

### ORDER

Pending before the Court is plaintiff's *pro se* motion to proceed under a pseudonym, Pl.'s *in Camera* Motion *in Limine* to File Anonymously with Application for Waiver of Fees and Motion to File Electronically ("Pl.'s Mot."), in her instant action bringing various constitutional and statutory claims against President Donald Trump and others. Compl. at 1–2. Plaintiff's motion is denied.[1]

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f). Plaintiff's other requests—for a fee waiver and to file electronically—will not be addressed here and may be raised again if plaintiff choses to refile the complaint under her full name.

open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name."  *Id*.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'"  *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

Plaintiff presents no remotely compelling justification for "the rare dispensation of anonymity." *In re Sealed Case*, 971 F.3d at 326. Plaintiff's motion relies on a perceived threat of violence if she proceeds under her full name. She "fears for her physical safety if her identity is known to the Defendants in this case," or is made public, because "[s]ignificant violence directed at those who speak out against Donald J. Trump or those who take action to stop his outrageous criminal behavior has occurred enmasse [sic]." Pl.'s Mot. at 1. The handful of instances she cites of public officials facing harassment for their official actions, Pl.'s Mot. at 1–2, do not remotely support her assertion that she would be subject to harassment or violence for publicly filing this action. Individuals regularly file lawsuits against the President, in this Court and others, under their full names, without experiencing a threat of political violence. Plaintiff has failed to either demonstrate a need for secrecy or identify consequences likely to befall her if she proceeded in her own name

For the foregoing reasons, it is hereby

3

**ORDERED** that the plaintiff's *in Camera* Motion *in Limine* to File Anonymously with Application for Waiver of Fees and Motion to File Electronically is **DENIED**.

**SO ORDERED.**

Date: December 16, 2020

_____
BERYL A. HOWELL
Chief Judge